**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID A. LOPEZ, | ) | CASE NO. CV 06-07224 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff's arguments in this matter do not justify remand or reversal of the Commissioner's decision denying disability benefits.

Plaintiff first argues that the Administrative Law Judge erred in declining to rely on the opinions of two treating physicians, Drs. Teophilov and Braumzweiger. While the opinion of a treating physician is given greater weight than the opinion of other physicians, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), nevertheless the Administrative Law Judge can reject the opinion of a treating physician in favor of the conflicting opinion of another examining physician "if the ALJ makes 'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)(citations omitted). The Administrative Law Judge fulfilled his responsibility here.

Throughout the opinion, the Administrative Law Judge referred to the level of Plaintiff's actual activities, and did so in discussing Dr. Teophilov's assessment as well. [AR 1163] Those activities reasonably belied the residual functional capacity which Dr. Teophilov suggested. Moreover, as the Administrative Law Judge indicated, Dr. Teophilov did not himself make a diagnosis in his specialty, rheumatology; it was another doctor who did so. [AR 1162] In short, it was within the Administrative Law Judge's discretion to reject the opinion of Dr. Teophilov as to Plaintiff's residual functional capacity.

Similarly, the Administrative Law Judge fulfilled his responsibility when he declined to adopt the residual functional capacity suggested by Dr. Baumzweiger. The Administrative Law Judge noted that Plaintiff 's own testimony indicated that he had worked more than Dr. Baumzweiger's residual functional capacity would have permitted. The Administrative Law Judge also noted that Dr. Baumzweiger treated Plaintiff for headaches, an organic mood disorder and a cognitive disorder with visual hallucinations, none of which bore on Plaintiff's physical capacity for work. [AR 1163] These are valid reasons not to adopt the residual functional capacity identified by Dr. Baumzweiger.

Plaintiff also says that the Administrative Law Judge should have recontacted those doctors. There was no basis for doing so, however. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001)). Those situations are not present here.

Plaintiff also challenges a consultant's report upon which the Administrative Law Judge did rely, stating that it is obsolete because, since that time, Plaintiff's knee joint had deteriorated, and he had surgery to repair a torn miniscus. But the Administrative Law Judge did refer to those matters, and indicated that, together with other matters, they made Plaintiff's impairments severe. [AR 1160-61] There is no indication, however, that those facts impacted the residual functional capacity.

Plaintiff's second main argument also fails. Plaintiff asserts that the Administrative Law Judge ignored or rejected all supporting medical opinions so that he could reach the result he desired. The Court does not agree with this cynical assessment. The Administrative Law Judge is not required to address all pieces of evidence, and the fact that he did not address every opinion does not itself constitute reversible error. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). While he did not discuss Dr. Zodkevitch's assessment (one in which Dr. Zodkevitch expected Plaintiff to be able to return to the work force in six to twelve months, AR 669), he did refer to low GAF's which others had assigned Plaintiff, and referenced diagnoses of major depression. [AR 1164] However, he also found that Plaintiff had significant improvement, particularly when he took medications, and that the mental impairments were not expected to satisfy the durational requirement. [*Id.*] These conclusions were backed by substantial evidence.

The Administrative Law Judge also rejected the opinion of Dr. Galleno, suggesting that Plaintiff could perform less than a full range of sedentary work. [AR 1162] This conclusion was justified on two grounds: that Plaintiff himself thought that he could do significantly more; and that Plaintiff's level of activities was inconsistent with such a low level of work capability. Those activities were detailed earlier in the decision, and involved substantial daily walking, climbing ladders, lifting heavy boxes, moving furniture, dancing, and like activities. [AR 1157-58] That Plaintiff was able to do such things was a fair ground for the Administrative Law Judge to consider in declining to adopt the capacity suggested by Dr. Galleno.

The Administrative Law Judge also rejected two other proposed RFC's [AR 1162], finding that they were inconsistent with observations made by Plaintiff's doctors at the Veterans' Affairs bureau. In this Court, Plaintiff complains that the Administrative Law Judge did not identify the doctors. But the decision contains significant explanation of observations by the Veterans' Affairs [AR 1158], and those observations do in fact undercut the RFC's which the Administrative Law Judge rejected.

Finally, the Court does not find persuasive the contention that the Administrative law Judge erred in assessing Plaintiff's mental impairments as non-severe. Both the earlier and the later reports, as noted, indicated the efficacy or potential efficacy of medication to control the difficulties, and it was reasonable to conclude that those difficulties, with appropriate treatment, would not last a continuous period of twelve months.

The decision of the Commissioner is affirmed.

DATED: October 23, 2007

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE